NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3231-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SELWIN O. BASCOM,

 Defendant-Appellant.
———————————————————————————————

 Submitted May 25, 2017 – Decided July 6, 2017

 Before Judges Lihotz and Hoffman.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Accusation No.
 11-05-0993.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alan I. Smith, Designated
 Counsel, on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Ian C. Kennedy,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant Selwin Bascom appeals from a Law Division order

denying his petition for post-conviction relief (PCR), seeking to

withdraw his guilty plea and vacate his conviction and sentence
for possession of marijuana with intent to distribute, N.J.S.A.

2C:35-5(a)(1), (b)(12). Although the record shows defendant told

probation officials and the trial court he was a United States

citizen, he now admits he is not. In his certification

accompanying his PCR petition, defendant states he told his plea

counsel that he was not a United States citizen. Based upon this

assertion, defendant claims he received ineffective assistance

when his counsel failed to correct the record or inform him of the

legal consequences regarding his immigration status. Because the

record does not support defendant's recent bald assertions, we

reject defendant's arguments and affirm the PCR court's order.

 A.

 We discern the following facts from the record. On April 7,

2011, a police officer observed a vehicle cross into the left-hand

shoulder on the Palisades Interstate Parkway. As the vehicle

reentered the left lane, it nearly forced another vehicle off the

road. Because of rush-hour traffic, the officer had to wait

several minutes before pursuing the vehicle. After the officer

approached the vehicle, it quickly moved from the left to right

lane. At the same time, the officer observed something thrown

from the rear passenger window. The officer consequently signaled

the vehicle to pull over.

 2 A-3231-15T2
 When the officer walked up to the vehicle, he saw defendant

in the rear passenger seat. The officer asked defendant what he

had thrown out the window; defendant replied, "Nothing." The

officer also smelled "raw" marijuana and saw "green flakes of

suspected marijuana" on the middle console. As a result, the

officer called for backup.

 Once another officer arrived, the police searched defendant

but found nothing. After a third officer came to the scene, the

police searched defendant a second time and found eleven small

bags containing marijuana. The police therefore arrested

defendant and placed him in a patrol car. When the police returned

to headquarters, they suspected defendant was trying to hide

something because he had been moving around a lot in the back of

the patrol car. When they searched the back of the patrol car

after removing defendant, they found forty-nine grams of cocaine.

 On May 25, 2011, defendant pled guilty to fourth-degree

possession of marijuana with intent to distribute, N.J.S.A. 2C:35-

5(a)(1), (b)(12), pursuant to a plea agreement with the State,

which provided for a recommend two-year probationary term. During

the plea hearing, the court asked defendant, "Are you a U.S.

citizen?" Defendant replied, "Yes." Defendant also said he

provided truthful answers on the plea form and voluntarily signed

it of his own free will. On the plea form, defendant circled

 3 A-3231-15T2
"Yes" after the question, "Are you a citizen of the United States?"

He also circled "Yes" after the question, "Do you understand that

if you are not a United States citizen or national, you may be

deported by virtue of your plea of guilty?"

 Defendant's presentence report stated defendant was born in

Guyana, South America. It also stated defendant was a United

States citizen. On July 15, 2011, the court sentenced defendant

to two years of probation. Defendant did not file a direct appeal.

 On August 22, 2014, defendant filed a pro se PCR petition.

Defendant included a certification stating he had told his trial

counsel he is not a United States citizen, and his counsel failed

to tell the court this or advise him of the immigration

consequences of his plea. On September 4, 2014, the PCR court

assigned defendant an attorney, who submitted a brief in support

of the application for PCR.

 On December 4, 2015, the PCR court heard oral argument.

Defendant did not appear because he had been deported to Guyana.

After summarizing the relevant facts and applicable law, the court

concluded, "[T]here is no indication, other than [defendant's]

bald . . . allegation that the attorney was aware that he was not

a United States citizen, . . . support[ing] a hearing to . . .

determine whether or not the PCR should be granted." The court

therefore concluded defendant had failed to establish a prima

 4 A-3231-15T2
facie case of ineffective assistance of counsel. Defendant

appealed, presenting the following arguments for consideration:

 POINT I

 IN POST-CONVICTION RELIEF, WHEN THE DEFENDANT
 CERTIFIES UNDER OATH THAT HE ADVISED TRIAL
 COUNSEL THAT HE WAS NOT A CITIZEN OF THE UNITED
 STATES AND THAT TRIAL COUNSEL NOT ONLY FAILED
 TO ADVISE HIM OF THE IMMIGRATION CONSEQUENCES
 OF HIS GUILTY PLEA BUT ALSO REMAINED MUTE AT
 THE PLEA HEARING AND FAILED TO CORRECT THE
 RECORD WHEN DEFENDANT MISTAKENLY ADVISED THE
 TRIAL COURT THAT HE WAS A CITIZEN, A PRIMA
 FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF
 COUNSEL IS MADE IF THE STATE DOES NOT FIND IT
 APPROPRIATE TO SUBMIT AN AFFIDAVIT OR
 CERTIFICATION FROM TRIAL COUNSEL CONTESTING
 DEFENDANT'S CLAIMS.

 POINT II

 THE PCR COURT'S RULINGS VIOLATED DEFENDANT'S
 RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS
 GUARANTEED BY THE SIXTH AMENDMENT TO THE
 UNITED STATES CONSTITUTION.

 B.

 On this appeal, we review the trial court's decision de novo.

State v. Harris, 181 N.J. 391, 421 (2004), cert. denied, 545 U.S.

1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). Having reviewed

the record, we find no basis to disturb the court's decision.

Based on the record, the court's legal conclusions are

unassailable.

 Defendant argues he "was entitled to post-conviction relief

because he established that the performance of his trial counsel

 5 A-3231-15T2
was deficient and he was prejudiced thereby." On this record,

defendant's argument lacks sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(e)(2). We add the following

comments.

 If defense counsel provides affirmatively misleading or false

advice about the immigration consequences of a guilty plea, that

advice may constitute ineffective assistance of counsel. State

v. Nuñez-Valdéz, 200 N.J. 129, 131 (2009). However, this court

cannot expect a defense attorney to provide advice about possible

immigration problems if a client falsely claims he is a United

States citizen. In this case, the record shows defendant told

probation officials and the trial court that he is a United States

citizen. He also said he is a United States citizen on his plea

form. This same form informed defendant that he could be deported

if he pled guilty. The record does not support defendant's recent

bald assertions that he told his plea counsel otherwise. See

State v. Jones, 219 N.J. 298, 311-12 (2014) (stating "'bald

assertions' are not enough" to warrant an evidentiary hearing

regarding a PCR petition). The record fails to support defendant's

assertion that he received ineffective assistance of counsel. See

State v. DiFrisco, 137 N.J. 434, 456-57 (1994); State v. Fritz,

105 N.J. 42, 50 (1987).

 Affirmed.

 6 A-3231-15T2